TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Talya Bryant*

# IN UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| Talya Bryant,<br><br>                Plaintiff,<br>       v.<br><br>EquityExperts.Org, California, LLC; Michael Novak; Gar Liebler; and Shorepoint Homeowners Association,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>**3. BREACH OF FIDUCIARY DUTY**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, TALYA BRYANT, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the Town of Lake Elsinore, Riverside County, California.

3. Venue is proper in the Central District of California, Eastern Division.

## PARTIES

4. Plaintiff is a natural person residing in the town of Lake Elsinore, Riverside County, California.

5. The Defendants to this lawsuit are:

    a. EquityExperts.Org, California, LLC ("EE"), which is a foreign limited liability company that conducts business in the State of California.

2

b. Michael Novak, an individual, who at all relevant times, managed and/or controlled co-Defendant EquityExperts.Org, California, LLC and controls its day-to-day operations. Michael Novak also sets and maintains collection policy for EE.

c. Gar Liebler, an individual, who at all relevant times, has held himself out as a "Visionary" for EE and is, in reality, a paid consultant to EE, rendering advice about policy and procedures at EE, including debt collection policy.

d. Shorepoint Homeowners Association is a California non-profit corporation that is the homeowner's association ("HOA") in which Plaintiff's property is located. It is conducting business in San Diego, California.

## GENERAL ALLEGATIONS

6. Plaintiff owned and resided in a home that was part of a homeowner's association called the Shore Pointe Association ("HOA"). As part of her obligation to the HOA, Plaintiff was required to pay the monthly sum of $130.00.

7. Plaintiff became late in paying her monthly obligation to the HOA.

8. The HOA eventually turned the collection of Plaintiff's balance over to Defendant EE.

## ABOUT EQUITYEXPERTS.ORG

9. EE is a collection agency that collects consumer type debts from homeowners for various homeowners associations. Because the debts collected by EE are incurred primarily by consumers for personal, family and/or household use, EE's collection activity is governed by the Fair Debt Collection Practices Act ("FDCPA").

10. Moreover, EE's business model is such that it charges no costs or fees to the HOAs on behalf of which it attempts to collect debts. EE merely provides a schedule of fees to a HOA board of directors and informs that it will seek these costs from the delinquent homeowner only, barring termination of the relationship by the HOA. Moreover, in the past several years and to this day, EE has advertised on its website that it does not charge fees and costs to HOAs, thereby incentivizing HOAs to sign its contract. After all, the HOA has no downside in this agreement, as it is getting its money collected at no cost to itself.

11. Attached to EE's contract is a schedule of fees that EE charges to the HOA's consumers/victims that have been unilaterally created from thin air by EE. These

fees that have no basis in fact and are not reasonably tied to any labor or production costs. These charges are highly inflated and designed to line EE's pockets rather than reflect a cost of collection to the consumer or HOA. EE assesses these charges to consumers quickly so that a small debt that may be owed to an HOA quickly grows to an unconscionable amount in a very short time period. These fees are unreasonable and unconscionable and are assessed in an unconscionably short period of time. These costs and their rate of assessment violate the FDCPA.

12. In this case, EE received an initial balance from the Shorepoint HOA to collect a balance due of $1,188. But over the course of sending a few dunning letters, EE has tacked on its own fees and costs and has grown this balance to $11,369.00[1], ten times the amount of the original balance. These fees accrued by EE from October 29, 2018, to August 10, 2020. To be sure, EE's statement of costs (Exhibit 1), shows that it accrued $6,170 in fees over this almost 2-year

---

[1] In all fairness, HOA fees continued to accrue of $130 per month plus a $13 late fee in this period as well.

period. The raft of unconscionably high charges assessed by EE, none of which were authorized by the HOA's charter, include, for example:

a. $450 to send Plaintiff a dunning letter

b. $350 to enroll Plaintiff into EE's program of sending other dunning, computer generated/template form letters;

c. $100 for each computer generated template form letter (3 of these)

d. $75 for a "property analysis review"

e. $300 Lien Monitoring fee

f. $250 for another "Property analysis review"

g. $25 for sending Plaintiff other computer generated form letters (14 of these);

h. $3,445 for a "Referral for Foreclosure" (a completely unknown fee/charge by EE)

13. Without a basis in contract or law, any and all of the charges that EE seeks from a delinquent homeowner violate 15 USC § 1692f of Fair Debt Collection Practices Act, as they are charges that are not expressly authorized by the agreement creating the debt or permitted by law ("Bogus Charges").

14. Plaintiff never agreed to pay any of these Bogus Charges.  Furthermore, these charges were never authorized by law.  Plaintiff never had any duty to pay any of these Bogus Charges.

15. Moreover, as fully discussed below, the HOA never had the authority to unilaterally assess such fees, as it does not meet the definition of "costs of collection" under either the Master Deed or the HOA's Covenant, Conditions and Restrictions ("CC&Rs").

16. As a direct and proximate cause of EE assessing these Bogus Charges and collecting some of them, Plaintiff has suffered pecuniary and emotional damages as result of EE's actions.

**The Ultra Vires Agreement between EE and the HOA**

17. A contract of a corporation which is "ultra vires," or outside the object of its creation, is beyond the powers conferred upon it by the legislature.  An ultra vires contract is not voidable, but wholly void, and is of no legal effect.  The objection to the contract is not merely that the corporation should not have made it, but that it could not make it.  Such a contract cannot be ratified by either party, because it could not have been authorized by either party.  No performance on either side can give the unlawful contract any validity or be the

7

foundation of any right of action upon it. *Jacksonville, M., P. Ry. & Nav. Co. v. Hooper*, 160 U.S. 514, 524, 16 S. Ct. 379, 383, 40 L. Ed. 515 (1896).

18. While the HOA, upon information and belief, has the power to collect HOA dues on a periodic basis along with the costs of collection, the fees that its collection agent, EE, is charging are not costs of collection nor are they related to any costs of collection. If the HOA were able to unilaterally assess costs of collection that have no basis in fact, it would vitiate the word "costs" in its Master Deed and/or CC&Rs, or it would give the HOA the power to take the Plaintiff's property as a cost for any late fee. This would be absurd.

19. In this case, the HOA was **not** empowered to collect these large collection charges in connection with collecting debts owed by its members. Consequently, the HOA lacked authority to empower EE to collect these Bogus Charges. The purported agreement between EE and the HOA was ultra vires to the HOA and thus void ab initio; not voidable, but void.

20. Gar Liebler and Michael Novak each are the architects of this scheme to collect money from Plaintiff, under the guise of collecting money for the co-defendant HOA. Each of these gentlemen is a debt collector under the FDCPA and has directed EE to collect these unreasonable and unconscionable amounts.

8

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.* by EE, Novak, and Liebler

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times, EE, Novak, and Liebler (collectively "EE Agents"), in the ordinary course of their business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities. Novak and Liebler are agents of EE. These gentlemen direct policy and procedure at EE, including the formulation and implementation of collection policies. They are, therefore, responsible for EE's actions and breaches of EE's duties, including those under the Fair Debt Collection Practices Act.

23. While Novak's wife owns Defendant EE, Novak himself, along with others, manage the day-to-day operations. Both Novak and Liebler control and determine collection policy for EE and each is a "debt collector," as well as EE, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

24. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt, as it was incurred for personal, family or household use.

25. EE Agents violated the following provisions of the Fair Debt Collection Practices Act:

   a. 15 U.S.C. § 1692d which prohibits a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendants' unconscionably and unreasonably high fees and the machine gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

   b. 15 U.S.C. § 1692e which prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of a debt. Defendants violated this provision of the FDCPA by misrepresenting to Plaintiff that she owed the fees that EE had unilaterally assessed and that she was liable for these charges. These charges were unreasonable and had no basis in fact or law.

   c. 15 U.S.C. § 1692f which prohibits a debt collector from use unfair or unconscionable means to collect or attempt to collect any debt. Defendants' unconscionably and unreasonably high fees and the machine

10

gun rate at which they assessed them to the Plaintiff has harassed, oppressed and abused her while the defendants have attempted to collect the paltry HOA debt from her.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT") by EE, Novak, and Liebler

26. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

28. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

29. Defendants EE, Novak, and Liebler (collectively "Defendants") are each a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

30. Defendants, in the ordinary course of business, regularly, on behalf of itself or others, engage in the collection of consumer debts, and are each a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

11

32. Defendants' foregoing acts in attempting to collect this Alleged Debt violated of Cal. Civ. Code § 1788.17, the Rosenthal Fair Debt Collection Practices Act, by failing to comply with 15 U.S.C. §1692(b)-(j), inclusive.

33. Plaintiff was harmed and is entitled to damages as a result of Defendants' violations.

34. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendants EE, Liebler, and Novak for statutory damages, actual damages, costs, interest, and attorneys' fees.

### COUNT III – BREACH OF FIDUCIARY DUTY by Shorepoint HOA

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. Defendant Shorepoint HOA, at all times relevant to this complaint, owed a fiduciary duty to Plaintiff and other members of the homeowners association, to act in good faith and to act in the best interests of both the HOA and its

12

members, including the Plaintiff. See *Cohen v. Kite Hill Community Ass'n*, 142 Cal.App.3d 642, 650-51 (Cal. Ct. App. 1983)

37. Defendant HOA breached this fiduciary duty by entering into a contract with co-Defendant EE that purported to allow both EE and the HOA to charge fees to Plaintiff that are well beyond the costs of collection as referenced in the Master Deed and/or CC&Rs. These costs that EE is attempting to collect from Plaintiff, on behalf of the HOA, are unconscionable, unreasonable, and have no relationship to the word "costs" as used in either the Master Deed and/or the CC&Rs regulating the HOA's collection activity with its members.

38. Defendant Shorepoint HOA, by entering into this purported contact with EE, breached its fiduciary duties to Plaintiff and other members of the Shorepoint HOA by attempting to collect money to which neither the HOA nor EE was ever due, from Plaintiff.

39. The purported contract between the parties was ultra vires to the authority granted to the HOA by the Master Deed and/or the CC&Rs.

40. The purported contract between EE and the HOA, upon which EE relied on in sending dunning letters to Plaintiff, was void.

13

41. Defendant Shorepoint HOA also breached its fiduciary duty to Plaintiff by failing to establish any factual basis for the fees listed in the purported contract between the HOA and EE and simply allowing EE to unilaterally dictate and extract money from Plaintiff that are unrelated to costs.

42. As a direct and proximate cause of Shorepoint HOA's breach of its fiduciary duties to Plaintiff, Plaintiff has suffered mental, emotional, and financial damages for having been led to believe that she owes these outrageous sums and having to respond to these clearly unconscionable demands.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendant Shorepoint HOA for statutory damages, actual damages, costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  June 22, 2021

By: _/s/  Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Talya Bryant

14

Case 5:21-cv-01044-JWH-SHK   Document 1   Filed 06/22/21   Page 15 of 15   Page ID #:15